UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BEN AALAMPOUR, | |
| Plaintiff, | |
| v. | Case No. 3:22-CV-976-CCB-SJF |
| WAL-MART STORES EAST, LP, | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff, Ben Aalampour, was given three chances to correct the deficiencies in service identified by Magistrate Judge Michael Gotsch in orders dated December 15, 2023 [DE 6], January 3, 2024 [DE 10], and January 17, 2024 [DE 12]. As articulated in Defendant, Wal-Mart Stores East, LP's ("Wal-Mart LP's") motion to dismiss, Aalampour's attempts, through counsel, to effect proper service before and after Judge Gotsch's orders have failed. Moreover, Aalampour has not established good cause to extend the deadline for service again. Therefore, dismissal without prejudice is proper.

## BACKGROUND

Following incidents at a Wal-Mart store in Elkhart, Indiana where Aalampour worked as a Pharmacy Technician, he filed a complaint before the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment. Aalampour received his right to sue letter from the EEOC on September 13, 2022. Represented by Attorney Deidra Haynes, Aalampour initiated this employment discrimination case by filing a complaint on November 29, 2022. [DE 1]. The Court issued the summons for Defendant promptly on November 30, 2022. [DE 3]. The deadline for Aalampour to execute service upon Wal-Mart was February 27, 2023—90 days after the complaint was filed. *See* Fed. R. Civ. P. 4(m). On December 1, 2022, Attorney Haynes mailed a copy of the

summons, complaint, and civil cover sheet to an address in Kansas City, Missouri for "WALMART" and its counsel during the EEOC process found on Aalampour's right to sue letter.  The service packet was received as evidenced by a signed return-receipt form.  However, Defendant Wal-Mart LP did not appear in this action in any way.

This case sat stagnant for over a year until December 13, 2023, when Attorney Haynes sought permission from the Court to withdraw her appearance on behalf of Aalampour.  On December 15, 2023, Judge Gotsch denied Attorney Haynes's motion to withdraw.  He noted the risk of material and adverse harm to Aalampour's interests if Haynes were allowed to withdraw her appearance because the record lacked evidence of service upon Wal-Mart LP and the Rule 4(m) deadline for service had already passed.  [DE 6 at 2–3].  Attorney Haynes was ordered to show cause "as to why this case should not be dismissed for failure to timely execute service on Defendant in compliance with Fed. R. Civ. P. 4(m)."  [*Id.* at 3].

In response to Judge Gotsch's first Order to Show Cause, Attorney Haynes responded with a green return receipt card showing receipt of certified mail by "Walmart Stores East, LLP" in Kansas City on December 5, 2022.  As Judge Gotsch explained in his second order dated January 3, 2024, Aalampour had served the wrong legal entity—"Walmart Stores East, LLP" rather than "Wal-Mart Stores East, LP," the named defendant in this action.  [DE 10 at 2].  Judge Gotsch even went so far as to search the internet and provide a name and address for Wal-Mart LP's registered agent in Indianapolis, Indiana to Aalamapour in his Order.  [*Id.*].  Judge Gotsch then ordered Attorney Haynes to show cause for the failure to perfect service on Wal-Mart LP's registered agent in Indiana. [*Id.*].  Judge Gotsch explicitly advised that Aalampour's "failure to prosecute this case in any way from the time of the alleged service in December 2022 until Attorney Haynes sought to withdraw her appearance may also warrant a recommendation to dismiss this action."  [*Id.*].

Only after receiving Judge Gotsch's second Order to Show Cause did Attorney Haynes seem to understand that there was a problem with service of Aalampour's complaint on Wal-Mart LP. On January 8, 2024, Attorney Haynes filed a motion to extend the time for service stating that she thought she had properly served Wal-Mart LP in December 2022 and apologizing for the service deficiency. [DE 11]. On the same day, she also sent the same service packet—with the December 2022 summons directed to the Kansas City address—to Wal-Mart LP's registered agent in Indianapolis at the address provided by Judge Gotsch. Attorney Haynes never provided any explanation, however, for the failure to prosecute this case between December 2022 when she thought she had perfected service and December 2023 when she asked to withdraw her appearance.

In his third order dated January 17, 2024, Judge Gotsch found that Attorney Haynes had failed to establish that "she acted diligently to perfect service on Wal-Mart LP or why she was thwarted from meeting the February 27, 2023, deadline" for service. [DE 12 at 3]. Accordingly, Judge Gotsch held that Aalampour had not met his burden to show the good cause necessary to grant the requested extension of the Rule 4(m) service deadline. [*Id.*]. He also found the service attempt on January 8, 2024, untimely because the Rule 4(m) deadline had passed many months before without any extension. [*Id.*]. Nevertheless, Judge Gotsch granted the motion and extended the service deadline until February 8, 2024, so that Aalampour would not be penalized for Attorney Haynes's errors. [*Id.* at 4]. Judge Gotsch then warned Aalampour that further delays would not be tolerated and failure to comply with the applicable rules could result in dismissal of this action. [*Id.*].

February 8, 2024, came and went without any additional record of service upon Wal-Mart LP. In the meantime, however, Wal-Mart LP had received the December 2022 service packet mailed to its Indiana registered agent on January 8, 2024. On January 24, 2024, Wal-Mart LP's counsel emailed Aalampour's counsel—Attorney Haynes and Attorney Amber Boyd who had entered her appearance on behalf of Aalampour on December 24, 2023—seeking agreement for an

3

automatic extension of time to respond to the complaint. [DE 18-3]. Wal-Mart LP's counsel explicitly stated that "Wal-Mart expressly reserves the right to object and/or move to dismiss this matter because, without limitation, Plaintiff failed to timely and properly serve Wal-Mart or prosecute this case." [*Id*.]. In response to Aalampour's complaint, Wal-Mart LP timely filed its instant motion to dismiss on February 26, 2024. [DE 17]. Wal-Mart LP argues that this case should be dismissed because Aalamapour failed to timely and properly effect service of process leaving this Court without personal jurisdiction to hear this case. Attorney Boyd filed a response opposing the motion to dismiss [DE 22] along with a second motion to extend the service deadline. [DE 23].

## DISCUSSION

### Motion to Dismiss [DE 17]

"A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999)). "[T]he service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *Id.* (citing *McMasters v. United States,* 260 F.3d 814, 817 (7th Cir.2001)). After a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is filed, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Similarly, "[o]nce a defendant has challenged the sufficiency of service of process with a motion to dismiss under Fed. R. Civ. P. 12(b)(5), the burden is on the plaintiff to make a prima facie showing that there was proper service." *Trytko v. US Bank Home Mortg.*, No. 3:17-CV-175-JD-MGG, 2018 WL 4088941, at *4 (N.D. Ind. Aug. 10, 2018) (internal quotations and citations omitted), *report and recommendation adopted sub nom. Trytko v. U.S. Bank Home Mortg.*, No. 3:17-CV-175 JD, 2018 WL 4077018 (N.D. Ind. Aug. 27, 2018). Further, a Rule 12(b)(4) challenging sufficiency of process, or

4

the form of the summons, "must point out specific instances where the plaintiff has failed to comply with the requirements of Rule 4." *Id.* at *3 (internal quotations and citations omitted). Here, Aalampour has not met his burden to show the existence of personal jurisdiction because he has not presented a prima facie showing of proper service. Moreover, Wal-Mart LP has met its burden to identify specific deficiencies in the summonses included in Aalampour's attempts at service.

Despite Aalampour's arguments to the contrary, Attorney Haynes's December 2022 attempt at service to the wrong legal entity in Kansas City, Missouri has already been found insufficient because it does not establish that service was executed on the correct defendant. [DE 10 at 2]. Attorney Haynes acknowledged the deficiency with her subsequent apologies and her second attempt at service on January 8, 2024. [DE 11]. Yet the second attempt was untimely and insufficient as discussed below.

Without valid service of process, actual knowledge of the existence of a lawsuit, even receipt of a complaint and summons, does not satisfy the service requirements of Fed. R. Civ. P. 4 or provide the court with personal jurisdiction. *Mid-Continent Wood Prod., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). Moreover, attempted service outside the Rule 4(m) time limits will not save a case from dismissal. *Geiger v. Allen*, 850 F.2d 330, 332 (7th Cir. 1988).

As Wal-Mart LP points out, there are deficiencies with the summons included in the service packet received on January 8, 2024, by its registered agent. To start, the Rule 4(m) deadline for service had long since passed on February 27, 2023, and this Court had not extended that deadline. Therefore, the January 8th service attempt was untimely. Additionally, "[d]eficiencies cognizable under Rule 12(b)(4) [for insufficient process] include errors in naming the proper defendant, failing to specify the number of days allotted for defendant to answer, and failure to obtain a court seal or signature." *Trytko*, 2018 WL 4088941, at *3. The summons sent to the registered agent was not signed by the Clerk of Court and did not bear the Court's seal as required by Fed. R. Civ. P.

5

4(a)(1)(F) and (G). [DE 18-1 at 12]. And while the summons was addressed to "WALMART STORES EAST, LP," arguably the correct entity, the address provided was the same faulty address in Kansas City, Missouri rather than the registered agent's address in Indianapolis.

These deficiencies did not have to be fatal to Aalampour's case because the service deadline was ultimately extended until February 8, 2024. [DE 12]. Unfortunately, Aalampour—or more likely his attorneys—did not take advantage of the Court's generosity. No third attempt at service was made. Thus, this Court lacks personal jurisdiction over Wal-Mart LP because Wal-Mart LP was not properly served with process despite knowing it had been named in Aalampour's lawsuit and even receiving a copy of the complaint. *See Ligas*, 549 F.3d at 500.

**Second Motion to Extend Service Deadline [DE 23]**

Facing this reality, Aalampour—now through Attorney Boyd—asks the Court to extend the Rule 4(m) deadline to perfect service for a second time. [DE 23]. Rule 4(m) permits the Court to extend the service deadline "if the plaintiff shows good cause for the failure" to execute service within 90 days of filing the complaint. "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Schl. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). The failure to timely perfect service falls completely at the feet of Aalampour's counsel, not Wal-Mart LP. Attorney Haynes did not follow the rules in December 2022 to ensure that her first attempt was reasonably calculated to give the proper defendant actual notice. *See* Ind. T.R. 4.15(F); *cf. Batler v. Mellinger*, No. 1:21-cv-00028-SEB-MJD, 2021 WL 3029729, at *5 (S.D. Ind. July 16, 2021). She eventually acknowledged her failure more than a year later and more than 10 months after the service deadline passed. Neither Attorney Haynes nor Attorney Boyd sought to cure the deficiencies between January 17, 2024, and February 8, 2024, despite Judge Gotsch's explication of the service issues in this third order [DE 12] and Wal-Mart LP's counsel's January 24th email

6

alleging that Aalampour "failed to timely and properly serve Wal-Mart or prosecute this case." [DE 18-3 at 2].

Excusable neglect can be grounds for extension of time for service even if good cause is not shown. *Coleman*, 290 F.3d at 934. Attorney Boyd seems to assert excusable neglect stating that she did not act to cure service having inferred from Judge Gotsch's orders that Attorney Haynes was directed to cure the service deficiencies combined with Attorney Haynes's promise to her that she would cure the defect in service. [DE 23 at 2, ¶¶ 10–11]. When good cause for an extension is lacking,

> [t]he factors that courts typically consider when deciding whether to grant an extension of time for service of process include but are not limited to: whether the defendant's ability to defend would be harmed by an extension; whether the defendant received actual notice; whether the statute of limitations would prevent refiling of the action; whether the defendant evaded service; whether the defendant admitted liability; whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service; whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service; and whether the plaintiff diligently pursued service during the allotted period.

*Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021) (citing *Cardenas v. City of Chicago*, 646 F.3d 1001, 1006–07 (7th Cir. 2011)).

The record includes no evidence that Wal-Mart LP's ability to defend itself would be harmed by another extension of the service deadline in this case. However, the record also shows that Wal-Mart LP did not evade service. In fact, upon receipt of the complaint on January 8, 2024, counsel for Wal-Mart LP promptly entered their appearance, communicated with Plaintiff's counsel, and responded to the complaint with the instant Motion to Dismiss despite their concerns about the timeliness and propriety of service. While Wal-Mart LP does not admit liability and will not benefit from a financial windfall if this case is dismissed, it may avoid accountability for any illegal, harassing conduct by its employees should Aalampour's allegations be true. Even so, Aalampour has yet to perfect service despite a generous extension of the service deadline almost a year after the original

deadline expired that was accompanied by detailed instructions from this Court about perfecting service. And this Court still lacks any explanation for Aalampour's failure to prosecute this case between December 2022 and December 2023 even though this Court warned that dismissal for failure to prosecute could result regardless of the sufficiency of service. With that said, the consequences of dismissal could be substantial for Aalampour as the statute of limitations is likely to be implicated if he were to refile this case. *See Gerrard v. Andrews Int'l, Inc.*, 2010 WL 3724774, at *3 (C.D. Ill. Sept. 16, 2010) ("the statute of limitations comes into play only after the case is dismissed for late service, when the plaintiff refiles the case" (interpreting *Coleman*, 290 F.3d at 932–34 and *Mann v. Amer. Airlines*, 324 F.3d 1088, 1091 (9th Cir. 2003))); *see also Velasco v. Ill. Dep't of Human Servs.*, 246 F.3d 1010, 1018 (7th Cir. 2001) ("the filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII" (internal citations and quotations omitted)). Yet expiration of the statute of limitations alone does not justify an extension of the service deadline. *Jones*, 12 F.4th at 749.

This Court has already extended the service deadline once, almost a year after the original deadline expired, so that Aalampour would not be penalized by the errors of his attorney. The prejudice of delay to Wal-Mart LP cannot be ignored. Employment cases deserve prompt attention because employer liability mounts with every day that passes. *Elmore v. Henderson*, 227 F.3d 1009, 1013–14 (7th Cir. 2000). The short 90-day window to file an employment-based lawsuit after receiving a right to sue letter from the EEOC reflects that very concern. *Id.* Moreover, any concerns Aalampour might have about the statute of limitations do not overcome his failure to prosecute this case between December 2022 and December 2023 without explanation. Therefore, having balanced the hardships, the Court denies Aalamour's requested extension and dismisses this case for lack of personal jurisdiction, insufficient service, and insufficiency of process.

## CONCLUSION

For the reasons stated above, Aalampour's Motion for Extension of Time to Perfect Service is **DENIED**. [DE 23]. Wal-Mart LP's Motion to Dismiss is **GRANTED**. [DE 17]. Aalampour's complaint is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED.

August 19, 2024

                                          /s/*Cristal C. Brisco*
                                          CRISTAL C. BRISCO, JUDGE
                                          UNITED STATES DISTRICT COURT